STATE of North Dakota, By and Through its Tax Commissioner, Heidi HEITKAMP, Plaintiff, Appellant and Cross–Appellee,

v.

QUILL CORPORATION, Defendant, Appellee and Cross–Appellant.

Civ. No. 900257.

Supreme Court of North Dakota.

July 28, 1992.

Nicholas J. Spaeth, Atty. Gen., Bismarck, for plaintiff, appellant and cross-appellee.

John E. Gaggini and Don S. Harnack of McDermott, Will & Emery, Chicago, Ill. and William P. Pearce of Pearce & Durick, Bismarck, for defendant, appellee and cross-appellant.

PER CURIAM.

In *State of North Dakota v. Quill Corporation*, 470 N.W.2d 203 (N.D.1991), we held that subsections (6) and (7) of Section 57–40.2–01, NDCC, requiring Quill to collect and remit use tax on its sales in North Dakota, did not violate the Due Process Clause and Commerce Clause of the United States Constitution. In *Quill Corporation v. North Dakota*, —— U.S. ——, 112 S.Ct. 1904, 119 L.Ed.2d 91 (1992), the United States Supreme Court, although agreeing with our conclusion that the Due Process Clause does not bar enforcement of the use tax against Quill, reversed our judgment and remanded for further proceedings consistent with its opinion, concluding that North Dakota's enforcement of the use tax against Quill places an unconstitutional burden on interstate commerce in the absence of action by the United States Con-

gress to decide whether, when, and to what extent the States may burden interstate mail-order concerns with a duty to collect use taxes.

We vacate that portion of our opinion reported in *State of North Dakota v. Quill Corporation*, 470 N.W.2d 203 (N.D.1991), which was reversed by the United States Supreme Court, substitute this opinion therefor, and affirm the judgment of the district court.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.

JOHNSON, J., not being a member of this Court at the time this case was heard, did not participate in this decision.